# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN F. PEAK, JR., | : | Civil No. 1:12-CV-1224 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| MICHAEL ASTRUE, | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This case presents a threshold question of singular significance: What is the responsibility of this Court when presented by an ALJ opinion on remand from an earlier social security appeal which has ignored the Court's prior guidance in its initial ruling? For the reasons set forth below, we conclude that such an ALJ ruling violates the law of the case doctrine in a way which undermines confidence in this ultimate ALJ ruling to such a degree that a further remand is compelled.

In this case we do not write upon a blank slate. Quite the contrary, this is the second social security appeal filed by the plaintiff, Martin Peak, during the past three

1

years. These two appeals relate to an October 2006, disability application that Peak filed. (Tr. 44.) Peak, who was 40 years old at the time of this initial application, has for the past seven years alleged that he is disabled due to a constellation of physical and emotional impairments, including degenerative disc disease, fibromyalgia, bilateral carpal tunnel syndrome, obstructive sleep apnea, osteopenia, osteoporosis, hypothyroidism, gastroesophageal reflux disease, migraine headaches, major depressive disorder and dysthymic disorder.

Peak's disability application was initially denied by the ALJ on November 17, 2007, following a November 7, 2007 hearing, and Peak timely sought reconsideration of that ruling by the Appeals Council on December 13, 2007. More than two years then passed. The Appeals Council delayed some 27 months before concluding on March 10, 2010, that there was no basis to grant Peak's request for review.

Peak then filed his initial appeal with the district court on April 26, 2010. Peak v. Astrue, 4:10-CV-889 (Doc.1.) On January 24, 2011, this Court ruled on Peak's original appeal, vacated the decision of the Administrative Law Judge, and remanded the case for further proceedings, finding, in part, that the ALJ erred by attaching significant weight to the form opinion of a state agency disability examiner. In this regard, our prior opinion explicitly stated that this reliance on the examiner assessment was improper, stating:

> In setting Peak's residual functional capacity for light work the administrative law judge placed "significant weight" on a form opinion of a state agency disability examiner. Tr. 21. With respect to the reliance on a form completed by the state agency disability examiner, administrative law judges have been instructed to accord such documents no evidentiary weight. See Doc. 12, pages 14-15 in <u>Edwards v. Astrue</u>, Civil No. 10-126 (M.D.Pa.)(quoting a memorandum from the Chief Administrative Law Judge stating the policy of Social Security Administration prohibits Administrative Law Judges from according any weight to forms completed by the non-medical state agency disability examiners).

<u>Peak v. Astrue</u>, 4:10-CV-889, (Doc. 15, p.25)

Having received this guidance from the district court, this matter was remanded for further proceedings. On remand, the ALJ conducted additional proceedings, and then entered an opinion and order on April 5, 2012, which, on its face, appeared to do precisely what the ALJ had been admonished to refrain from doing. In ruling against Peak once again the ALJ represented that a State agency medical consultant, cited as Exhibit 12F (Tr. 328-36), reported Mr. Peak could perform physical work demands. (Tr. 506.) The ALJ then assigned "significant" weight to this evidence in reaching an unfavorable decision on Peak's disability application. (Tr. 508.) However, this evidence, which was cited by the ALJ and given significant weight on remand, was a report from the *same* non-medical State agency reviewer the district court had instructed the ALJ to not consider in making a disability assessment. (Tr.

724.) Indeed, in a commendable display of candor the defendant conceded this error, stating: "The Commissioner concedes that the ALJ should have not mentioned or given weight to the opinion of the disability examiner in light of the Chief Administrative Judge's memorandum and the Court's Order (Tr. 506, 724)." (Doc. 12, p.12) While conceding this error, the defendant nonetheless invites us to find the error harmless, citing the other evidence which supported the ALJ's decision.

For the reasons set forth below, we are not prepared to treat a breach of a prior district court remand order, and a violation of the law of the case doctrine which entailed attaching significant weight to evidence which the district court had previously determined was entitled to no evidentiary consideration, as a mere harmless error. Therefore, it is recommended that this case be remanded for further consideration of the case, consistent with the prior instructions of this Court.

## II. Discussion

### A. The Law of the Case Doctrine Compels a Remand of this Matter

In this case we believe that the law of the case doctrine compels a remand of this matter. "Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances. . . . . The purpose of this doctrine is to promote the 'judicial system's interest in finality and in efficient

administration. Todd & Co., Inc. v. S.E.C., 637 F.2d 154, 156 (3d Cir. 1980).'" Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1981). The contours of this settled doctrine were recently described by the United States Court of Appeals for the Third Circuit in the following terms:

> In Arizona v. California, 460 U.S. 605 (1983), the Supreme Court noted:
>> Unlike the more precise requirements of res judicata, law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.
>
> Id. at 618 (citations omitted). The "[l]aw of the case rules have developed 'to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'"

In re Pharmacy Benefit Managers Antitrust Litigation, 582 F.3d 432, 439 (3d Cir.2009)(reversing arbitration order in antitrust case on law-of-the-case grounds)(citations omitted). It is clear that "[t]he ... doctrine does not restrict a court's power but rather governs its exercise of discretion." Id. (quoting Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron Inc., 123 F.3d 111, 116 (3d Cir.1997)) (citations omitted). In exercising that discretion, however, courts should "be loathe to [reverse prior rulings] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest

injustice." Id.( quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)). In addition to that narrow class of cases where the prior ruling was manifestly unjust, the type of "extraordinary circumstances" that warrant a court's exercising its discretion in favor of reconsidering an issue decided earlier in the course of litigation typically exist only where (1) new evidence is available, or (2) a supervening new law has been announced. Id. (citing, Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997)).

Federal courts have applied the law of the case doctrine in appeals of social security administration decisions. See e,g., Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir.1991). The law of the case doctrine binds the Commissioner to follow the decisions of the district court issuing the remand order on appeal. Key, 925 F.2d at 1060; Brachtel v. Apfel, 132 F.3d 417, 419-20 (8th Cir.1997). Courts applying the law of the case doctrine in the social security appeal setting typically examine the decision of the district court or the report and recommendation by the magistrate judge, and the scope of the remand order. See e .g., Angevine v. Sullivan, 881 F.2d 519, 522 (7th Cir.1989) (resolving law of the case issue by "carefully consider[ing] the remand order); Leslie v. Barnhart, 304 F.Supp.2d 623, 631 (M.D.Pa.2003) (reading report and recommendation to determine applicability of law of the case doctrine); Carrillo v. Heckler, 599 F.Supp. 1164, 1168 (D.C.N.Y.1984) (reviewing

6

remand order and district court opinion to address law of the case argument). Thus, "the question of whether the Secretary violated the law of the case on remand is best answered by carefully considering the scope of the district court's remand order. Id. at 522. The reason for this examination is that the law of the case doctrine comes into play only with respect to issues previously determined. The doctrine 'most often applies to issues already fully decided in cases that subsequently re-appear before the rendering court.' The Trustees of Indiana University v. The Aetna Casualty & Surety Co., 920 F.2d 429, 435 (7th Cir.1990)." Key v. Sullivan, 925 F.2d 1056, 1061 (7th Cir. 1991).

Here a careful examination of this Court's prior remand opinion and order reveals that the law of the case doctrine is directly applicable to this latest, flawed ALJ decision. That prior remand opinion and order directly instructed the ALJ not to consider a state agency disability examiner assessment, stating:

> In setting Peak's residual functional capacity for light work the administrative law judge placed "significant weight" on a form opinion of a state agency disability examiner. Tr. 21. With respect to the reliance on a form completed by the state agency disability examiner, administrative law judges have been instructed to accord such documents no evidentiary weight. See Doc. 12, pages 14-15 in Edwards v. Astrue, Civil No. 10-126 (M.D.Pa.)(quoting a memorandum from the Chief Administrative Law Judge stating the policy of Social Security Administration prohibits Administrative Law Judges from according any weight to forms completed by the non-medical state agency disability examiners).

7

Peak v. Astrue, 4:10-CV-889, (Doc. 15, p.25).

Despite this clear instruction, on remand the ALJ did precisely what he had been admonished to refrain from doing. In ruling against Peak the ALJ represented that a State agency medical consultant, cited as Exhibit 12F (Tr. 328-36), reported Mr. Peak could perform physical work demands. (Tr. 506.) The ALJ then assigned "significant" weight to this evidence in reaching an unfavorable decision on Peak's disability application. (R. 508.) However, this evidence, which was cited by the ALJ and given significant weight on remand, was a report from precisely the *same* non-medical State agency reviewer the district court had instructed the ALJ to not consider in making a disability assessment. (Tr. 724). Indeed, the defendant candidly acknowledges this error, stating: "The Commissioner concedes that the ALJ should have not mentioned or given weight to the opinion of the disability examiner in light of the Chief Administrative Judge's memorandum and the Court's Order (Tr. 506, 724)." (Doc. 12, p. 2)

While the defendant invites us to consider this admitted error to be harmless error, we should decline this invitation. First, treatment of this error to follow the law of the case as mere harmless error would be inconsistent with the principles that define this doctrine. Those principles underscore that the law of the case is not to be lightly disregarded. Rather, it is clear that courts should "be loathe to [reverse prior

rulings] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." In re Pharmacy Benefit Managers Antitrust Litigation, 582 F.3d 432, 439 (3d Cir.2009)(reversing arbitration order in antitrust case on law-of-the-case grounds)(citations omitted)(quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)). Cases considering the harmless error doctrine in the context of social security appeals also strongly caution that harmless error analysis should be applied sparingly, and only in extraordinary cases. Thus, "we apply harmless error analysis cautiously in the administrative review setting." Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005). It is also clear that, "[a] court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount [some evidence] and, thus, a different outcome on remand is unlikely. '[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway.' Mazaleski v. Treusdell, 562 F.2d 701, 719 n. 41; see also Ingalls Shipbuilding, Inc. v. Dir., Office of Workers' Comp. Programs, 102 F.3d 1385, 1390 (5th Cir.1996)." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 546 (6th Cir. 2004). Furthermore, "the district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not

9

apparent from the Commissioner's decision itself. See, e.g., Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir.2004); SEC v. Chenery Corp., 318 U.S. 80, 87, 63 S.Ct. 454, 87 L.Ed. 626 (1943)." Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

Guided by these legal tenets, we find no manifest injustice which arises from application of the law of the case doctrine to this particular ALJ error. However, we find a potentially grave unfairness and prejudice to the plaintiff if the law-of-the-case doctrine is not rigorously applied to this social security appeal. Presently, we are confronted with an opinion in which an ALJ violated the law-of-the-case doctrine by giving "significant weight" to evidence that all parties agree he was forbidden by prior rulings from considering at all. We are not prepared as a legal and factual matter to conclude that a violation of a prior district court ruling that accords significant evidentiary weight to matters that should not have been considered in the slightly constitutes harmless error. Accordingly, we believe that this acknowledged error compels a remand of this case.

Yet, while the law-of-the-case doctrine law plainly calls for a remand and further proceedings by the ALJ in this case, nothing in this report and recommendation should be construed as suggesting what the outcome of that final and full analysis should be. Rather, we simply recommend that the case

10

be remanded in order for the ALJ to re-assess this claim confining this analysis to those matters which have not been precluded by the law-of-the-case doctrine.

## III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint and claim be REMANDED for further consideration in accordance with this Report and Recommendation.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of December, 2013.

                                        ***<u>S/Martin C. Carlson</u>***
                                        Martin C. Carlson
                                        United States Magistrate Judge

.