# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN F. PEAK,** | : | **CIVIL ACTION NO. 1:12-CV-1224** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **CAROLYN W. COLVIN**, Acting | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

AND NOW, this 6th day of March, 2014, upon consideration of the report and recommendation (Doc. 16) of Chief Magistrate Judge Martin C. Carlson, recommending the court vacate the decision of the administrative law judge ("ALJ") and remand the above-captioned matter for further proceedings with respect to the application for disability benefits filed by Martin F. Peak ("Peak"), wherein Judge Carlson concludes that the ALJ's noncompliance with the court's prior remand order, see Peak v. Astrue, No. 1:10-cv-889 (M.D. Pa. Jan. 24, 2011), violates the law of the case doctrine and compels a second remand of this matter, and, after an independent review of the record, and the

court noting that both the Commissioner of Social Security[1] ("Commissioner") and Peak have filed objections[2] (Docs. 17-18) to the report, and the court finding Judge Carlson's analysis to be thorough, well-reasoned, and fully supported by the record, and the court

---

[1] Michael J. Astrue's term as Commissioner of Social Security expired on January 19, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin, who succeeded Astrue and was appointed Acting Commissioner of Social Security on February 14, 2013, is substituted as defendant in this action. See FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

[2] When parties object to a magistrate judge's report, the court performs a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

further finding the parties' objections to be without merit,[3] and fully addressed by the magistrate judge's report, it is hereby ORDERED that:

1. The report (Doc. 16) of Chief Magistrate Judge Carlson is ADOPTED.

2. The Clerk of Court shall enter judgment in favor of Martin F. Peak and against the Commissioner as set forth in the following paragraph.

3. The decision of the Commissioner of Social Security denying Martin F. Peak disability insurance benefits is VACATED and the case REMANDED to the Commissioner for assignment to a new ALJ for reevaluation of the evidence and issuance of a new decision with strict instructions that the assigned ALJ shall not assign any weight to the form opinion of the state agency disability examiner in reconsidering Peak's application.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[3] The parties raise several objections which are squarely addressed in the magistrate judge's analysis. However, the court writes briefly to address the prime point of contention between the parties. The Commissioner takes issue with Judge Carlson's recommended application of the law of the case doctrine, contending that the doctrine is factually and legally inapplicable in this matter. The Commissioner specifically contends that the case *sub judice* is a separate and distinct civil action from Peak v. Astrue, No. 1:10-cv-889 (M.D. Pa. Jan. 24, 2011) and that the two are not the "same case" as contemplated by the law of the case doctrine. (Doc. 17 at 3-8). The Commissioner also directs the court to Arroyo v. Astrue, 347 Fed. Appx. 802 (3d Cir. 2009), where the Third Circuit declined to give preclusive effect to a district court's remand order, noting that the order was so "exceedingly broad" in mandating a full review of the record that the issue raised on appeal by claimant could not have been "previously decided" by the court and thus was not the law of the case. Id. at 804. Arroyo, however, is distinguishable: here, the court's prior remand order was unequivocal, prohibiting the ALJ from assigning any weight to the form opinion of the state agency disability examiner, and there is no dispute that the ALJ directly violated this order by affording "significant weight" to the examiner's opinion. Thus, the court overrules the Commissioner's objection based on Arroyo. In any event, the court declines the Commissioner's invitation to engage in academic or semantic debate as to whether, or which, preclusion doctrine might apply to this case. The end result is the same. The ALJ directly ignored an order of the district court, significantly undermining the court's confidence in the ALJ's ultimate decision. For that reason, as fully articulated by Judge Carlson, the matter must be remanded to the ALJ with strict admonitions not to consider, rely on, or assign any weight to the opinion of the state agency disability examiner.